## Snow *et al. versus* The Thompson Oil Company.

|  59   204  |
|  f224  265 |

1. Thompson contracted to buy an interest in two oil-wells; afterwards an oil company was incorporated to which Thompson transferred his interest, the vendors, in the mean time receiving and selling the oil; by agreement, the vendors made the deed to the corporation and dated it back to the date of the contract, agreeing to deliver Thompson's share of the oil to the company. *Held*, that assumpsit in the name of the company for oil received by the vendors between the contract and the incorporation could be maintained.

2. The facts constituted an original contract between the vendors and the company.

October 22d 1868. Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ.

Error to the Court of Common Pleas of *Erie county:* No. 13, to October and November Term 1868.

This was an action of assumpsit to May Term 1866 by The Thompson Oil Company against Ambrose Snow, Joseph S. Burgess, Theodore Wright and W. S. Woods. The plaintiffs declared on the common counts. The claim filed was for a large quantity of crude oil, received by defendants from September 16th till October 11th 1864, and for cash received by the defendants for oil of the plaintiffs sold by them; the whole claim amounting to $27,551.78. On the 9th of February 1867 the defendants pleaded non assumpsit and payment, &c.

During the progress of the trial, September 25th 1867, before Johnson, P. J., the defendants asked leave to file a plea alleging there was not then, nor ever had been, such a corporation as the Thompson Oil Company. On objection by the plaintiffs' counsel the court refused to allow the plea to be filed, and sealed a bill of exceptions.

None of the evidence was contained in the paper-books, but the facts of the case appeared to be these: On the 16th of September 1864 the defendants contracted to sell to V. M. Thompson, individually, an interest in two oil-wells or their products; they to execute a deed to him for the property. After making the contract, Thompson pledged his share of the oil to be derived from the wells to the defendants as security for notes which it seems they held against him, and the oil was run into the tanks of defendants and marketed by them. On the 28th of December 1864 the Thompson Oil Company was incorporated, and Thompson transferred all his interest in the wells and their products to the company. After some difficulties between Thompson and the defendants as to the consummation of the contract, it was, on the 28th of January 1865, agreed that the deed should be made directly to the company; and it was agreed at the same time by the defendants that Thompson's share of the oil should be delivered to the company. The defendants then also released their lien on the oil, took other security from Thompson, and

9 P. F. SMITH—14

[Snow *v.* The Thompson Oil Company.]

promised the company to replace or account for the oil: and made a deed to the company, which was dated back to September 16th 1864, the date of the original contract.

The defendants' 1st point was—

"If the jury find from the evidence that plaintiffs' charter of incorporation was granted or issued on the 28th day of December 1864, it cannot recover in this action for goods or property alleged to have been sold by it from September 16th 1864 to October 31st 1864, both days inclusive."

This the court answered in the negative, as stated fully in the opinion of Judge Read.

The verdict was for the plaintiffs for $26,723.50. The defendants took a writ of error; and amongst other things assigned for error the denial of their 1st point.

*B. Grant*, for plaintiffs in error, cited Strohecker *v.* Grant, 16 S. & R. 241; Franklin *v.* Trimble, 5 Barr 201; Cooch *v.* Goodman, 2 Q. B. 580; Grant on Corp. 64; Lloyd *v.* Loaring, 6 Ves. 775; Kelner *v.* Baxter, Law Rep. 2 Com. Pleas 174.

*J. C. Marshall* and *J. H. Walker*, for defendants in error.

The opinion of the court was delivered, November 18th 1868, by

READ, J.—The only assignment of error we have to consider is the 3d—"The court erred in answering defendants' 1st point in the negative." This point is in these words: "If the jury find from the evidence that plaintiffs' charter of incorporation was granted or issued on the 28th day of December 1864, it cannot recover in this action for goods or property alleged to have been sold by it from September 16th 1864 to October 31st 1864, both days inclusive."

In testing the correctness of the court's decision as to this point, we cannot do better than give the reasons they assigned for it. It is to be recollected that there was no dispute about the quantity of oil to be delivered or accounted for by the defendants; but the allegation on their part was, that V. M. Thompson, and not the Thompson Oil Company, was the proper person to maintain this action; that he was the legal owner, although the company, as his transferees, were the equitable or real owners. It will be perceived, therefore, that this was a strictly technical objection arising from an old rule of law.

The court say: "V. M. Thompson made a contract with the defendants, dated September 16th 1864, for the purchase of an interest in the two wells or their production in his own name. This entitled him to the share of the products claimed to be recovered in this suit, or something near the same, but no part of it was ever received by him.

[Snow *v.* The Thompson Oil Company.]

" This contract was to be consummated by a deed from the defendants, but for certain reasons owing in part, if not chiefly, to the refusal of the defendants to carry out the original contract, no deed was obtained until the 28th day of January 1865. In the mean time, viz., on the 28th of December 1864, the Thompson Oil Company was chartered, and acquired a legal existence, and V. M. Thompson had transferred all his interest in the purchase and its accumulations from its date, to it. In this corporation he was then a large stockholder, and its principal officer and agent. When the deed came to be made, after much wrangling and many hitches, it was made directly to the Thompson Oil Company. Some changes in the original contract, insisted on by the defendants, were made affecting the interests conveyed, as well as the party purchasing. V. M. Thompson testifies that when this adjustment was effected, it was agreed by the defendants that the share of the oil to which the interests conveyed by them were entitled after the 16th of September, the date of his original contract, should be delivered to the plaintiff. In corroboration of this statement it is shown that the deed finally executed by the defendants, was made to the plaintiff, and dated back to the 16th of September 1864.

" Previous to this settlement and consummation of the contract, the product of these wells due to the interests purchased by Thompson had been pledged or hypothecated by him to the defendants as security for the notes they had against him. But at this time the oil was released from that encumbrance, and Commercial Oil Company's stock taken in lieu thereof. These facts, if believed, show a new and original promise by the defendants to deliver over and account to the plaintiff for all the oil which the interests conveyed entitled the grantee or holder to receive."

The suit is on that contract.

The court were therefore right in answering this point in the negative.

Judgment affirmed.